# EXHIBIT K

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

SSC NY CORP f/k/a SUNRISE SECURITIES CORP.,

                              Plaintiff,

-against-

INVESHARE, INC.,

                              Defendant.

Index No. 655048/2016
Mot. Seq. No. 007

**AFFIRMATION OF**
**DANIELLE C. LESSER**

---

DANIELLE C. LESSER, an attorney duly admitted to practice before the Court, affirms under penalty of perjury, pursuant to CPLR 2106:

1. I am a partner in the law firm Morrison Cohen LLP, counsel for Defendant Inveshare, Inc. ("Defendant" or "Inveshare"), and a member in good standing of the State Bar of New York. I submit this affirmation in support of Morrison Cohen's motion for an order permitting my law firm and its lawyers to withdraw as counsel of record for Inveshare because (a) there has been an irretrievable breakdown in the attorney-client relationship and (b) Inveshare has failed (despite numerous requests) to pay Morrison Cohen's outstanding and long past due invoices for services rendered and disbursements made on its behalf.

2. Plaintiff SSC NY Corp., f/k/a Sunrise Securities Corp. ("Sunrise" or "Plaintiff") commenced this case on September 22, 2016. Shortly thereafter, Counsel began representing Inveshare pursuant to an engagement letter executed by Davidi Gilo ("Mr. Gilo"), the former Chairman and CEO of Inveshare.

3. During the Pretrial Conference on October 30, 2019, this Court scheduled this matter for trial on March 16 and March 17, 2020. We have been unable to prepare for trial because

we have not been in contact with Inveshare to discuss strategy and costs. This is symptomatic of the breakdown in our attorney-client relationship.

4. We can no longer communicate with Inveshare in the manner necessary for us to render effective legal representation of the Inveshare in this matter. Davidi Gilo, our contact for Inveshare, has failed to adequately and timely respond to my numerous attempts to communicate with him about the matter and the outstanding legal fees that have accrued over the past year. Although Mr. Gilo has not questioned the quality of my firm's representation, he should be represented by counsel with whom he can and will communicate effectively.[1]

5. As of the date of this affirmation, Inveshare owes Morrison Cohen $68,110.50 for both fees and disbursements, which reflects eight unpaid monthly invoices dating back to approximately February 2019. The amount owed is past due and an account has been stated for the full amount due by sending monthly invoices. Inveshare has failed to make payment, despite due demand.

6. In a letter dated November 20, 2019, Morrison Cohen provided Mr. Gilo and Ms. Lidar Adar ("Ms. Adar") with a Statement of Account indicating the past due balance of $68,110.50. Neither Mr. Gilo nor Ms. Adar have responded to or paid any amounts in the Statement of Account. True and correct copies of Morrison Cohen's Letter dated November 20, 2019 and the Statement of Account are attached hereto as **Exhibit A**.

7. In emails dated November 20 and 28, 2019, I reached out to Mr. Gilo to discuss the outstanding invoices and next steps regarding the preparation for trial. Mr. Gilo did not respond

---

[1] I am bound by the attorney-client privilege not to reveal information about Inveshare that is "likely to be embarrassing or detrimental to the client if disclosed." Consequently, unless and until the attorney-client privilege is waived, I am bound by 22 N.Y.C.R.R. Part 1200, Rule 1.6 not to reveal such confidential information.

to these emails. True and correct copies of the emails from me to Mr. Gilo dated November 20, 2019 and November 28, 2019 are attached hereto as **Exhibit B**.

8. In emails dated December 16 and 29, 2019, I reached out to Mr. Gilo to request payment of the outstanding invoices before year end. Mr. Gilo did not respond to these emails. True and correct copies of the emails from me to Mr. Gilo dated December 16, 2019 and December 29, 2019 are attached hereto as **Exhibit C**.

9. On December 29, 2019, I received an automated email reply from Mr. Gilo that stated he had limited internet access for the next few months because he is sailing in the Pacific Ocean. (*See* Ex. C.)

10. Regrettably, the foregoing has rendered it impossible for Morrison Cohen to continue its representation in this matter. We respectfully submit that in situations like this, granting counsel leave to withdraw is the best course.

11. We also request that we be granted permission to serve Mr. Gilo by email, given that he resides outside of the United States, in Italy, and is currently sailing in the Pacific Ocean.

12. No prior request has been made for the relief requested herein.

WHEREFORE, for the foregoing reasons, Morrison Cohen's motion to withdraw should be granted in all respects. Furthermore, we further request that this matter be stayed for a period of 20 days to afford Inveshare the opportunity to retain replacement counsel.

Dated: New York, New York
January 17, 2020

*/s/ Danielle C. Lesser*
Danielle C. Lesser

3

## WORD COUNT CERTIFICATION

Pursuant to Rule 17 of subdivision (g) of section 202.70 of the Uniform Rules for the Supreme Court and County Court (Rules of Practice for the Commercial Division of the Supreme Court), I hereby certify that the total number of words in this Affirmation, excluding the caption, signature block, and word count certification is 768.

                                                                             */s/ Danielle C. Lesser*
                                                                             Danielle C. Lesser