# EXHIBIT L

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. JENNIFER G. SCHECTER | PART | IAS MOTION 54EFM |
|---|---|---|---|
| | *Justice* | | |

-----------------------------------------------------------------X

SSC NY CORP., F/K/A SUNRISE SECURITIES CORP.,

                 Plaintiff,

- v -

INVESHARE INC.,

                 Defendant.

-----------------------------------------------------------------X

| INDEX NO. | 655048/2016 |
|---|---|
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 008 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 008) 277, 278, 279 were read on this motion to/for               JUDGMENT - DEFAULT          .

      Upon the foregoing documents, it is ORDERED that plaintiff's motion for a default judgment is GRANTED without opposition.

      Plaintiff established that defendant is in default (*see* Dkt. 273) and the merit of its claim (*see* Dkt. 278). Indeed, the court previously denied defendant's summary judgment motion (*see* Dkt. 246), finding that questions of fact warranted a trial, before which defendant defaulted (*see* Dkt. 270). Thus, the disputed factual issues are deemed admitted by defendant, including whether there was a termination that would cut off plaintiff's entitlement to the fees, whether plaintiff performed the requisite services and how to characterize the money provided by Mr. Winn (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003] ["defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them"]). Moreover, while at trial there may have been disputes about whether fees should be awarded on the second $10 million investment and the proper measure of damages on the failure to provide the warrants, plaintiff has made a sufficient showing on this default judgment motion that it is entitled to all $2.025 million in fees (10% of both $10 million investments and the

655048/2016   SSC NY CORP., F/K/A SUNRISE vs. INVESHARE INC.,                     Page 1 of 2
Motion No.  008

1 of 2

$25,000 from Mr. Winn), $609,824 for the failure to provide the warrants in light of the 2016 sale, and 9% pre-judgment interest on these amounts from the date of each breach (*see* Dkt. 278 at 8-11). Per ¶ 5(a)(1) of the agreement, $60,000 must be deducted from the first $1 million in fees (*see* Dkt. 162 at 3). Plaintiff, moreover, is not entitled to its attorneys' fees in this action under the Indemnification Agreement (*see id.* at 9) since it is not "unmistakably clear" that this provision is not limited to third-party claims (*see Hooper Assocs., Ltd. v AGS Computers, Inc.*, 74 NY2d 487, 492 [1989]).

Accordingly, it is ORDERED that the Clerk is directed to enter judgment in favor of plaintiff and against defendant in the amount of: (1) $965,000, with 9% pre-judgment interest from May 8, 2013 to the date judgment is entered; plus (2) $1 million, with 9% pre-judgment interest from June 30, 2014 to the date judgment is entered; plus (3) $609,824, with 9% pre-judgment interest from September 22, 2016 to the date judgment is entered.

| 6/15/2020 | | | | |
|---|---|---|---|---|
| DATE | | | | |
| CHECK ONE: | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

655048/2016   SSC NY CORP., F/K/A SUNRISE vs. INVESHARE INC.,
Motion No. 008

Page 2 of 2

2 of 2