# AMINI LLC

**Jeffrey Chubak**  
MEMBER NY & NJ BARS

212.497.8247  
jchubak@aminillc.com

January 31, 2022

**By ECF**

Hon. J. Paul Oetken  
U.S. District Court for the Southern District of New York  
40 Foley Square  
New York, NY 10007

Re: <u>SSC NY Corp. v. Computershare Inc., et al. 21-cv-09709</u>

Dear Judge Oetken:

We represent the plaintiff herein and write to request a status conference at which we may seek the Court's guidance as to how to resolve a potential jurisdictional issue of which we have just become aware.

As the Court may recall, plaintiff, a New York corporation with its principal place of business in New York, originally filed this action against defendant Computershare Inc., which then removed it based on diversity jurisdiction. When we filed our amended complaint earlier this month, we not only added factual detail to support our claim that redemption payments made to Computershare in September 2016 were part of a wind down and liquidation of non-party Inveshare Inc. (against which plaintiff has an unsatisfied judgment) that Inveshare's CEO Davidi Gilo intended to and did complete before the plaintiff could reduce its contract claim against Inveshare to judgment, we also added Mr. Gilo as a defendant and two other parties affiliated with him (together the "Gilo Defendants") who, like Computershare, are alleged to have received fraudulent conveyances from Inveshare during the wind down and liquidation.[1]

When preparing and filing the amended complaint we did not think adding the Gilo Defendants would affect diversity jurisdiction, since to the best of our knowledge all of them had severed their connections with New York State no later than fall of 2019. However, in further reviewing our limited information about Mr. Gilo's uncertain current whereabouts[2] in connection with preparing a motion to approve alternative service of process under Fed. R. Civ. P. 4(f)(3), we have become concerned that the current state of our knowledge makes it difficult to assess whether or not an appropriate factual predicate for diversity jurisdiction exists, especially given the doctrine in cases like *Herrick Co. v. SCS Communications, Inc*., 251 F.3d 315 (2d Cir. 2001), that when a defendant

---

[1] The other two Gilo Defendants are Mr. Gilo's wife Renata Ristova-Gilo and Gilo Ventures LLC, which we believe Mr. Gilo to be the sole member and manager of.

[2] Information in our custody indicates Davidi Gilo has ties with Florida, Italy and the Netherlands.

Hon. J. Paul Oetken
January 31, 2022
Page 2

United States citizen is legally domiciled in a foreign country, diversity jurisdiction is never available regardless of the citizenship of the plaintiff.[3] Diversity jurisdiction certainly may exist, but we may not currently be in a position to plead and prove it.

That said, we have no objection to litigating the case in this Court. Given that Computershare was the party that initially invoked this Court's jurisdiction, and that Computershare also may due to its business dealings with Mr. Gilo and his affiliates possess information relevant to the jurisdictional issue that we at present do not, we would welcome any suggestions from Computershare about how this Court's subject matter jurisdiction can be demonstrated. However, given the rule that the parties may not stipulate to subject matter jurisdiction and that defects in subject matter jurisdiction are non-waivable, we wanted to bring this issue to the attention of the Court as well as Computershare promptly, in the hope that everyone can agree on an appropriate process for resolving the current uncertainty and confirming the appropriate forum for the merits to be litigated.

We are available for a conference at the Court's convenience and are amenable to a reasonable extension of Computershare's time to respond to the amended complaint while this threshold issue is being addressed.

Respectfully,

/s/ Jeffrey Chubak

cc: counsel of record

---

[3] Our understanding is that Mr. Gilo is a dual citizen of Israel and the United States.